UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:24-cv-00020-MR

| | |
|---|---|
| CHRISTOPHER R. RUTLEDGE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> STATE OF NORTH CAROLINA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on January 16, 2024. [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *In Forma Pauperis*. [Doc. 3].

## I. BACKGROUND

Christopher R. Rutledge (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 127-159 months of incarceration following a December 12, 2022 conviction in Catawba County for assault with a deadly weapon with intent to inflict serious injury and assault on a detention officer. [Doc. 1 at 1]. The Petitioner entered a guilty plea to the charges and did not file a direct appeal. [Id. at 1-2]. The

Petitioner did not file any post-conviction motions or petitions in state court. [Id. at 1-3].

The Petitioner filed the pending § 2254 petition for writ of habeas corpus on January 16, 2024. [Doc. 1].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground. Rule 2(c), 28 U.S.C. foll. § 2254.

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 3]. Rule 3(a) of the Rules Governing Section 2254 Cases

requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner states that he has no income or amounts of money in any bank accounts. [Doc. 3]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

B.     **Initial Review of § 2254 Petition**

The Petitioner raises the following ground for relief in his § 2254 petition: (1) denial of right to counsel/ineffective assistance of court-appointed counsel. [Doc. 1 at 4, 19-24]. The Petitioner requests that his guilty plea be vacated and that he be released from incarceration. [Id. at 9].

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary

review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

The Petitioner admits in his petition that he did not file a direct appeal of his judgment of conviction, nor did he file any petitions, applications, or motions regarding his judgment of conviction in state court. [Doc. 1 at 2-3]. Because the Petitioner has not given the state courts any opportunity to address the issues raised in his § 2254 petition, the Petitioner did not exhaust his state remedies and this Court is without jurisdiction to review the petition. As such, the § 2254 petition shall be dismissed as procedurally barred.[1]

---

[1] The § 2254 petition also appears to be subject to dismissal as untimely filed. Generally, a § 2254 petition must be filed within one year from the date the judgment of conviction becomes final. Because the Petitioner did not file a direct appeal, his judgment of conviction became final on or about December 26, 2022, when the time for seeking review expired. See N.C. R. App. P. 4(a)(providing fourteen days in which to file a notice of appeal). The one-year statute of limitations then began to run from that date until it expired on or about December 26, 2023. See 28 U.S.C. § 2244(d)(1). The Petitioner did not file any post-conviction motions in state court that could have tolled the pendency of the statute of limitations. As such, the § 2254 petition filed on January 16, 2024 is untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** due to failure to exhaust state remedies.

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 3] is **GRANTED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 24, 2024

Martin Reidinger
Chief United States District Judge